# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**　　　　　　　　　　　　　　　　　　　　　　　　**TEL. 504-310-7700**
**CLERK**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**600 S. MAESTRI PLACE**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**NEW ORLEANS, LA 70130**

January 16, 2018

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

　　No. 17-11101　　In re: Darren Reagan


Enclosed is an order entered in this case.


　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　LYLE W. CAYCE, Clerk

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Cindy M. Broadhead, Deputy Clerk
　　　　　　　　　　　　　　　　　　504-310-7707

Ms. Karen S. Mitchell
Mr. Darren L. Reagan

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11101

In re: DARREN L. REAGAN,

Movant

A True Copy
Certified order issued Jan 16, 2018

Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

---

Motion for an order authorizing
the United States District Court for the
Northern District of Texas to consider
a successive 28 U.S.C. § 2255 motion

---

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:

Darren L. Reagan, federal prisoner # 37109-177, moves for authorization to file a successive 28 U.S.C. § 2255 motion to challenge his convictions and sentences for conspiring to commit extortion and aiding and abetting extortion by a public official.

To receive the requested authorization, Reagan must make a prima facie showing that his motion relies on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or (2) a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court. *See* § 2255(h)(1) and (2); 28 U.S.C. § 2244(b)(3)(C); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001) (incorporating the prima facie

No. 17-11101

requirement of § 2244(b)(3)(C) into § 2255). He does not make the necessary showing. Accordingly, IT IS ORDERED that his motion for authorization is DENIED.